UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LOUIS BLANK,<br>　　　　Petitioner,<br>　　v.<br>JAMES HILL,<br>　　　　Respondent. | Case No. 24-cv-07686-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 20 |

# INTRODUCTION

Petitioner Gary Louis Blank seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions for voluntary manslaughter and first degree robbery. The amended petition for such relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The first amended petition states cognizable claims. Accordingly, on or before **December 8, 2025**, respondent shall file an answer or a dispositive motion in response to the amended habeas petition (Dkt. No. 17). The amended petition discloses that Blank was convicted in 2018. (Am. Pet., Dkt. No. 17 at 1.) He filed the current petition in 2024, which is beyond the one-year filing limit imposed by AEDPA. If respondent concludes that this habeas action is untimely, he may wish to file a motion to dismiss the action on such grounds, though he is not required to do so.

Blank's motion for summary judgment is DENIED. (Dkt. No. 20.)

# BACKGROUND

In 2018 Blank pleaded guilty in the Mendocino County Superior Court to charges of voluntary manslaughter and first degree robbery and received a stipulated sentence of

1  fourteen years. (Pet., Order Denying State Petition, Dkt. No. 1-3 at 49; Abstract of
2  Judgment, *id.* at 2-5.) His attempts at overturning his convictions in state court were
3  unsuccessful. This federal habeas petition followed.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Blank claims that (1) the trial court lacked jurisdiction to try him; (2) the trial court did not afford him due process and was not competent to try him; (3) the trial court misrepresented him as a corporation rather than as a person; (4) the trial court impermissibly applied statutes to him; (5) his right to Double Jeopardy was violated; (6) the trial court made him liable for a surety bond; (7) his attorney provided constitutionally inadequate advice; and (8) his plea was not knowing and voluntary. (Am. Pet., Dkt. No. 17 at 3-7, 11-27.)

After a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the voluntary and intelligent character of the plea and the adequacy of the advice of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). There are exceptions to this general rule. For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*,

2

423 U.S. 61 (1975)).

Under these rules, only Claim 1 (lack of jurisdiction), Claim 5 (Double Jeopardy), Claim 7 (counsel's advice was constitutionally inadequate), and Claim 8 (plea was not knowing and voluntary) are cognizable and may proceed. All other claims are DISMISSED.

Blank's motion for summary judgment is DENIED as unnecessary. (Dkt. No. 20.) This Order to Show Cause requires respondent to respond to his claims. A motion for summary judgment is unnecessary under these circumstances and is not an appropriate vehicle to use in habeas proceedings.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The amended petition (Dkt. No. 17) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **December 8, 2025**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **December 8, 2025**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion,

3

1  petitioner shall file with the Court and serve on respondent an opposition or statement of
2  non-opposition within thirty (30) days of the date the motion is filed, and respondent shall
3  file with the Court and serve on petitioner a reply within fifteen (15) days of the date any
4  opposition is filed.

5      5. Petitioner is reminded that all communications with the Court must be served on
6  respondent by mailing a true copy of the document to respondent's counsel.

7      6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
8  Court and respondent informed of any change of address and must comply with the
9  Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
10  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11      7. Upon a showing of good cause, requests for a reasonable extension of time will
12  be granted provided they are filed on or before the deadline they seek to extend.

13      8. Blank's motion for summary judgment is DENIED. (Dkt. No. 20.)

14      9. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** July 23, 2025



WILLIAM H. ORRICK
United States District Judge