United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GARY LOUIS BLANK,
Petitioner,
v.
ARTHUR GUILLEN,
Respondent.

Case No. 24-cv-07686-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 34

**INTRODUCTION**

Petitioner Gary Louis Blank seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions. After respondent[1] filed a motion to dismiss the petition as untimely, Blank filed an opposition, in response to which respondent filed a reply. Blank then filed an unauthorized opposition to the reply, which, even considered, does not help his cause.

Blank's petition for federal habeas relief is untimely. Blank had until January 2, 2020, to file a timely federal habeas petition; he did not file one until 2024. Blank is not entitled to statutory tolling because his state petitions were filed after the limitations period expired. He invokes equitable tolling, but he has not provided any specific facts to meet the high threshold necessary to qualify for such relief. Because the petition is untimely, respondent's motion to dismiss is GRANTED and the petition is DISMISSED.

**BACKGROUND**

On November 2, 2018, Blank pleaded guilty in the Mendocino County Superior

[1] The Clerk shall substitute Arthur Guillen for James Hill as the sole proper respondent in this action. *See* Rules Governing § 2254 Cases, Rule 2(a); Fed. R. Civ. P. 25(d).

Court to voluntary manslaughter and first degree robbery (Cal. Penal Code §§ 192(a), 211). (Pet., Abstract of Judgment, Dkt. No. 1-3 at 2-5.) A sentence of 14 years was imposed that same day. (*Id.*)

Blank asserts that he filed an appeal, but what he filed was not an operative appeal. (Am. Pet., Dkt. No. 17 at 2.) This is confirmed by a February 2019 letter from the First District Appellate Project (FDAP) that he attached to his original petition. (Pet., Letter, Dkt. No. 1-3 at 24.) It was sent to a criminal appeals clerk at the Mendocino County Superior Court and reads in relevant part:

> FDAP has reviewed the notice of appeal in the above-referenced case, which was inoperative because the certificate of probable cause was denied . . . We have investigated this matter and do not see any basis for the appeal to go forward. FDAP will take no further action. We have notified the defendant that he does not have a pending appeal in this matter.

(*Id.*)

Because no operative appeal was filed, his convictions became final on January 1, 2019, which was 60 days after the imposition of sentence. Cal. Rule of Court 8.308. The limitation period started the next day. This means he had until January 2, 2020 to file a federal habeas petition within AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(1)(A). The pending habeas action was not filed until 2024, which was well after the January 2, 2020 deadline.

In 2024, Blank filed habeas petitions in the state superior, appellate, and (apparently) supreme courts. (MTD, Dkt. No. 34 at 6, 120, 256.) All were denied.[2] (Pet., Dkt. No. 1-3 at 49, 62; MTD, Dkt. No. 34 at 2-3.) These petitions cannot toll the federal filing deadline because they were filed after the January 2, 2020 deadline.

The cognizable claims raised in the operative petition are: (1) the state court lacked jurisdiction to try him; (2) his double jeopardy rights were violated; (3) trial counsel's

---

[2] I cannot find in the record the state supreme court denial cited by respondent as Exhibit D. That does not matter because the petition was filed well after the limitation period expired.

advice was constitutionally inadequate; and (4) his guilty plea was not knowing and voluntary. (Order To Show Cause, Dkt. No. 23 at 3.)

**DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). This one-year clock starts ticking 90 days after direct state review is final. "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**a. Timeliness Without Tolling**

Blank had until January 2, 2020 — one year after his state convictions became final — to file a timely habeas petition.[3] The current petition was filed in 2024, well after the January 2, 2020 deadline, and there is untimely. Unless Blank is entitled to statutory or equitable tolling, the petition must be dismissed as untimely.

Blank contends that the limitations period does not apply to him because his petition invokes Federal Rule of Civil Procedure 60(b)(4), which, according to petitioner, imposes no timing limitation for filing. (Opp. To MTD, Dkt. No. 36 at 2-5, 12-20.) This

---

[3] Blank is not entitled to the additional 90 days afforded by *Bowen*. Because he did not file an operative appeal, he could not file a petition for review in the state supreme court, and therefore he could not petition the United States Supreme Court to review a state supreme court decision. Even if he were entitled to those 90 days, it would make no difference because his federal petition was filed years after the filing deadline expired.

United States District Court
Northern District of California

does not save the petition because Rule 60 applies only to federal judgments, not the state judgment he challenges here.

Blank appears to suggest that AEDPA and its filing limitation do not apply to him because the judgment against him is void. (*Id.* at 2-3.) His allegation that the judgment is void is conclusory and he puts forth no facts to support it. Importantly, any federal habeas petition filed after AEDPA's enactment date of April 24, 1996 (such as Blank's) is subject to AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 322, 327 (1997).

**b. Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). Because Blank's state petitions were filed in 2024, well after AEDPA's statute of limitations expired on January 3, 2020, they cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Blank is not entitled to statutory tolling.

**c. Equitable Tolling**

A federal habeas petitioner is entitled to equitable tolling if he can show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* (citation omitted).

Blank invokes equitable tolling and cites case law, but provides no specific facts showing that he had been pursuing his rights diligently and that some extraordinary circumstances stood in his way. (Opp., Dkt. No. 36 at 13.) This does not meet the "very high" threshold necessary to trigger equitable tolling under AEDPA.

**d. Claims Regarding Jurisdiction and Double Jeopardy**

Blank contends that his claims of double jeopardy and the state court's lack of jurisdiction are of such significance that AEDPA's statute of limitations should not apply. (Opp., Dkt. No. 36 at 6-8.) He cites no persuasive case law to support his position. The relevant case law that does exist affirms that any federal habeas claim is subject to AEDPA's one-year filing deadline, with the only relief from the deadline being statutory tolling, equitable tolling, or the equitable exception of actual innocence. *See Jones v. Warden*, 683 F. App'x 799, 801 (11th Cir. 2017) ("Jones's argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner."); *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (jurisdictional claims are subject to dismissal for untimeliness "[a]s with any other habeas claim."); *Godfrey v. Beightler*, 54 F. App'x 431 (6th Cir. 2002) (affirming dismissal of double jeopardy and other claims as untimely); *Tucker v. Ryan*, No. CV-13-00577-PHX-JAT, 2014 WL 1329293, at *5 (D. Ariz. Apr. 1, 2014) (rejecting petitioner's contention that AEDPA's statute of limitations does not apply to his claim that the state court lacked jurisdiction)

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 34.) The petition is DISMISSED.

A certificate of appealability will not issue. Blank has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate all pending motions, enter judgment in favor of

United States District Court
Northern District of California

respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 26, 2026

WILLIAM H. ORRICK
United States District Judge